UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOBOOKS, INC.,

    Plaintiff,

v.

MILLION JET INC., and
GABRIEL DIAZ a/k/a GABRIEL
BRACHO

    Defendants.

Case No.

Hon.

---

JORDAN S. BOLTON (P66309)
STUART M. SCHWARTZ (P62752)
Taft Stettinius & Hollister LLP
27777 Franklin Road, Suite 2500
Southfield, MI  48034
(248) 351-3000/ Fax (248) 351-3082
jbolton@taftlaw.com
sschwartz@taftlaw.com
*Attorneys for Plaintiff*

---

# COMPLAINT

Plaintiff, Autobooks, Inc. ("Autobooks" or "Plaintiff"), through its attorneys, Taft Stettinius & Hollister LLP, for its Complaint against Defendants, Million Jet Inc. ("Million Jet") and Gabriel Diaz a/k/a Gabriel Bracho ("Gabriel") (Million Jet, with Gabriel, collectively "Defendants"), states as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Autobooks is a Delaware corporation. Plaintiff's principal place of business is in Michigan, including inasmuch as it maintains a primary business office location in the City of Detroit.

2. Defendant Million Jet is a Florida corporation. Million Jet's principal place of business is in Florida, including inasmuch as it maintains a primary business office location at the common address of 11348 NW 41st, Suite 200, Doral, Florida 33166-6204.

3. Defendant Gabriel is an individual. Gabriel is a Florida resident, including inasmuch as he lives at the common street address of 11348 NW 73rd Ter, Doral, Florida. Gabriel is Million Jet's sole owner and President. In the corporate filings made with the Secretary of the State of Florida, Million Jet appointed Gabriel as its Registered Agent.

4. Plaintiff conducted business with Defendants pursuant to certain contractual terms and conditions, including and namely the terms and conditions contained in a contract entitled "Terms of Use and End User License Agreement" (the "Contract"). A copy of the Contract is in Defendants' possession. It is, therefore, not attached to this Complaint.

5. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1332, as there is complete diversity among the parties and the amount

sought in this Complaint exceeds $75,000, exclusive of interest, costs and attorneys' fees.

6. This Court is the proper venue to adjudicate this Complaint under 28 U.S.C. § 1391 and because a substantial part of the events giving rise to the stated claims occurred in this judicial district.

7. Venue and/or jurisdiction are otherwise proper with this Court pursuant to the Contract, including inasmuch as the parties agreed that any action between them must be brought exclusively in Michigan, inclusive of this Court.

## GENERAL ALLEGATIONS

8. Autobooks partners with banks to provide various embedded technology platforms and adjacent services to small businesses. These platforms and services include the facilitation of credit card processing transactions.

9. Million Jet is, or purports to be, an aviation management company that provides private air travel arrangements to its customers.

10. In or around June 2021, pursuant to the Contract, inclusive of the terms set forth in its Exhibit C, Autobooks began facilitating credit card processing transactions for Million Jet.

11. In or around August 2022, Million Jet's customer, referred to in this Complaint as "R.U.," but whose full identity and name is known to Defendants, made two credit card payments to Million Jet in the respective amounts of $50,000

4880-7615-1644.v1

and $35,000 (the "Original Credit Card Payments"). Autobooks facilitated the processing of the Original Credit Card Payments and deposited $85,000, less certain applicable fees owed to Autobooks under the Contract, in Million Jet's designated bank account.

12. R.U. made the Original Credit Card Payments to Million Jet to secure two private flights on dates and times certain between Miami, Florida and St. Louis, Missouri (the "Flights").

13. Million Jet did not provide the Flights to R.U. Thereafter, Million Jet arranged alternate flights for R.U. through two non-party flight operators (the "Alternate Flights"). To secure the Alternate Flights, R.U. made two credit card payments directly to two non-party flight operators in the respective amounts of $37,232.50 and $37,440.

14. Thereafter, R.U. demanded that Million Jet provide him with a full refund in the amount of the Original Credit Card Payments.

15. Million Jet refused to refund R.U. the amount of the Original Credit Card Payments. R.U. then initiated a dispute with his credit card issuer in which he asked the credit card issuer to reverse the Original Credit Card Payments. Since the Flights were not provided, and R.U. separately and additionally paid for the Alternate Flights, R.U.'s credit card issuer reversed the Original Credit Card Payments.

16. The credit card issuer, either directly or through one or more processing companies, initiated a "chargeback" in which it attempted to take the amount of the Original Credit Card Payments from Million Jet's designated bank account. The "chargeback" was necessarily agreed to by Million Jet in connection with, among other things, the Contract, inclusive of the incorporated processing policies and procedures of R.U.'s credit card issuer.

17. The "chargeback" did not result in the payment of any amounts to R.U.'s credit card issuer because Million Jet's designated bank account did not have a sufficient (or any) balance.

18. As an intermediary in the credit card processing network, in this case, for Million Jet, Autobooks guaranteed the amount of the "chargeback" would be paid to R.U.'s credit card issuer. On that guarantee, Autobooks paid R.U.'s credit card issuer the full amount of the Original Credit Card Payments for Million Jet's benefit.

19. Under the Contract, Million Jet agreed to immediately and fully reimburse Autobooks for the full amount of the Original Credit Card Payments that Autobooks paid to R.U.'s credit card issuer on the "chargeback".

20. In connection with the Contract, Gabriel signed a full and unconditional personal guarantee of all of Million Jet's monetary and other obligations to

Autobooks (the "Personal Guarantee"). A copy of the Personal Guarantee is in Defendants' possession. It is, therefore, not attached to this Complaint.

21. Autobooks has made a number of demands on Defendants to reimburse it for the payment made to R.U.'s credit card issuer. Defendants have refused and/or evaded these demands, and otherwise failed to pay Autobooks.

22. Pursuant to the Contract, Million Jet owes Autobooks the full amount of the Original Credit Card Payments. The Contract further provides that Million Jet owes Autobooks the attorneys' fees, costs and expenses it incurs in connection with the claims made in this Complaint. These amounts are not yet liquidated, as they continue to accrue.

23. Pursuant to the Personal Guarantee, Gabriel owes Autobooks the full amount of the Original Credit Card Payments. The Personal Guarantee further provides that Gabriel owes Autobooks the attorneys' fees, costs and expenses it incurs in connection with the claims made in this Complaint. These amounts are not yet liquidated, as they continue to accrue.

## COUNT I
## BREACH OF CONTRACT AGAINST MILLION JET

24. The allegations in the preceding paragraphs are incorporated herein by reference.

25. Plaintiff and Million Jet entered into the Contract.

26. Plaintiff fully performed its obligations under the Contract.

4880-7615-1644.v1

27. Million Jet has refused to pay the full amount owing to Plaintiff under the Contract.

28. Million Jet has thus defaulted on, and materially breached its obligations under the Contract by failing to pay the full amount owed to Plaintiff.

29. As a direct and proximate result of Million Jet's breach of the Contract, Plaintiff has incurred damages in no less than the principal sum certain amount of $85,000, plus interest, costs, and attorneys' fees, all of which are recoverable and owed to Plaintiff under the Contract and/or other applicable law.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in its favor and against Million Jet under Count I in no less than the principal sum certain amount of $85,000, plus interest, costs, and attorneys' fees, pursuant to the Contract and/or any other applicable law.

## COUNT II
## BREACH OF CONRACT AGAINST GABRIEL

30. The allegations in the preceding paragraphs are incorporated herein by reference.

31. Gabriel entered into the Personal Guarantee.

32. Gabriel has refused to pay the full amount owing to Plaintiff under the Personal Guarantee.

33. Gabriel has thus defaulted on, and materially breached his obligations under the Personal Guarantee by failing to pay the full amount owed to Plaintiff.

4880-7615-1644.v1

34. As a direct and proximate result of Gabriel's breach of the Personal Guarantee, Plaintiff has incurred damages in no less than the principal sum certain amount of $85,000, plus interest, costs, and attorneys' fees, all of which are recoverable and owed to Plaintiff under the Personal Guarantee and/or other applicable law.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in its favor and against Gabriel under Count II, and on a joint and several basis with the Judgment entered against Million Jet under Count I, in no less than the principal sum certain amount of $85,000, plus interest, costs and attorneys' fees, costs, pursuant to the Contract and/or any other applicable law.

                                            Respectfully submitted,

                                            /s/ Jordan S. Bolton
                                            Jordan S. Bolton (P66309)
                                            Stuart M. Schwartz (P62752)
                                            Taft Stettinius & Hollister LLP
                                            27777 Franklin Road, Suite 2500
                                            Southfield, MI  48034
                                            (248) 351-3000
                                            jbolton@taftlaw.com
                                            sschwartz@taftlaw.com

Dated:  April 5, 2023

4880-7615-1644.v1